UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CHRISTOPHER PAUL SAVAGE,       )
                               )
               Plaintiff,      )
     vs.                       )      No. 2:06-cv-081-RLY-WGH
                               )
OFFICER McCLEAN, et al.,       )
                               )
               Defendants.     )

**Entry Discussing Motion to Dismiss**

As used in this Entry, "Savage" refers to plaintiff Christopher Paul Savage, and "defendants" refers to Mark N. Smith, Mike McIntyre, R. Gallion, G. Manley, Tom McIntyre, Lt. B. Johnson, D. Usrey, S. Cox, Ronald French, and R. Russel ("defendants").[1] The matter is before the court on Savage's third amended complaint and on the defendants' motion to dismiss, which is fully briefed.

Savage's claims are asserted pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971). The defendants seek dismissal of the third amended complaint on the ground that it is barred by the applicable statute of limitations.

Having considered the third amended complaint and the motion to dismiss, and being duly advised, the court finds that the motion to dismiss (dkt 129) must be **granted.** This conclusion is based on the following facts and circumstances:

   1.   This action was filed on April 10, 2006. Because Savage was a prisoner, the court was required by 28 U.S.C. § 1915A(b) to screen the complaint. In doing so, through its Entry of May 22, 2006, the court dismissed the claims against John Doe defendants and directed that the action proceed as to the claim against defendant Warden Bezy. With respect to the further development of the case, the court noted that discovery from Bezy should be initially focused on identifying any other potential defendants and also that Savage "should be aware . . . that a 2-year statute of limitations applies to his claim and that no claim filed after February 27, 2007, is likely to be timely in this case as to any individual not made a defendant prior to that date."

---

[1] Another defendant, Officer McLean, has not joined the defendants' motion to dismiss.

  2. The claim against Warden Bezy was dismissed on February 7, 2007, through the entry of summary judgment. The defendants were named for the first time in the third amended complaint.

  3. The third amended complaint was filed on February 27, 2008. As was the case with his original complaint, it is alleged in the third amended complaint that Savage was attacked and severely injured by other inmates at the Federal Correctional Complex, a prison located within this District, on February 27, 2005, and that the defendants failed to adequately supervise or monitor the "M" block on that date and/or failed to intervene or assist him in a timely manner. These allegations support Savage's Eighth Amendment claim that the defendants violated their duty to protect him from violence at the hands of other prisoners. *See Farmer v. Brennan,* 511 U.S. 825, 833 (1994) To be liable in these circumstances, "the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Armstrong v. Squadrito,* 152 F.3d 564, 577 (7th Cir. 1998).

  4. As noted, Savage's action brought pursuant to *Bivens. Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers . . . ." *King v. Federal Bureau of Prisons,* 415 F.3d 634, 636 (7th Cir. 2005). A *Bivens* action brought in Indiana is subject to Indiana's 2-year statute of limitations for personal injury actions. *King v. One Unknown Federal Correctional Officer,* 201 F.3d 910, 914 (7th Cir. 2000); *Lewellen v. Morley*, 875 F.2d 118, 119 (7th Cir. 1988).

  5. The defendants seek dismissal of the claims against them in the third amended complaint pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007). Despite this high standard for dismissal, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993). When this determination is made, whether based on a motion to dismiss or otherwise, the court must dismiss the legally insufficient claims pursuant to 28 U.S.C. § 1915A. "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock,* 127 S. Ct. 910, 920-21 (2007).[2]

---

  [2]The court has not considered matters outside the pleadings in ruling on the motion to dismiss, and thus does not convert that motion to a motion for summary judgment. *See Ebea v. Black & Decker (U.S.), Inc.,* 2008 WL 1932196, at * *3-4 (S.D.Ind. 2008)("If G & H had intended for this court to consider its motion to dismiss as a motion for summary judgment, it should have sought this relief directly by complying with the procedural requirements for a motion for summary judgment that are set forth in Local Rule 56.1. Because G & H has not done this, the court will not convert its motion to dismiss into a motion for summary judgment and will therefore exclude from its consideration documents attached to the briefs submitted by G & H and Ebea.").

6.  The resolution of the motion to dismiss is compelled by the following:

•  Although the statute of limitations is an affirmative defense which, in general, a party asserting a claim need not anticipate, *see, e.g., United States Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623, 626 (7th Cir. 2003); *Leavell v. Kieffer,* 189 F.3d 492, 494 (7th Cir. 1999), "dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown,* 457 F.3d 688, 691 n.1 (7th Cir. 2006) (internal citations omitted); *see also United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005).

•  A claim accrues when the plaintiff knows both the existence and the cause of his injury. *Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993). In this case, therefore, Savage's claim accrued when he was assaulted on February 27, 2005. *Gonzales v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir. 1998)("[t]he cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action").

•  The defendants were not added to this action until the third amended complaint was filed on February 27, 2008. This was a full year after the statute of limitations expired. The effect of the statute of limitations in these circumstances was recognized, discussed and applied in *Jackson v. Kotter,* 541 F.3d 688 (7th Cir. 2008), in *Myles v. United States,* 416 F.3d 551 (7th Cir. 2005), in *King v. One Unknown Federal Correctional Officer,* 201 F.3d 910, 913 (7th Cir. 2000), in *Delgado-Brunet v. Clark,* 93 F.3d 339, 344 (7th Cir. 1996), in *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir. 1993), in *Moore v. Indiana,* 999 F.2d 1125 (7th Cir. 1993), and in *Wood v. Worachek,* 618 F.2d 1225 (7th Cir. 1980). In *Myles*, for example, the plaintiff permitted the statute of limitations to bar his *Bivens* claim because he first sued only the United States pursuant to the Federal Tort Claims Act. The Court of Appeals explained that the dismissal of the untimely claim was proper because "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue." *Myles,* 416 F.3d at 552. The Court of Appeals for the Seventh Circuit has "consistently held that Rule 15(c)(3) does not provide for relation back under circumstances . . . in which the plaintiff fails to identify the proper party." *King,* 201 F.3d at 914. Here, Savage was on notice from the outset of the action–and months before the statute of limitations would expire–that he needed to track down and identify the individuals who he believed were actually culpable in the attack. The opportunity to overcome the situation presented here was called to Savage's attention, yet an adequate and timely amendment was not sought.

7.  In light of the foregoing, the defendants' motion to dismiss (dkt 129) is **granted.**

8.  Statutes of limitation are no less enforceable because some meritorious claims will fall by the wayside. "The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." *Order of R.R. Telegraphers v. Ry. Express Agency, Inc.,* 321 U.S. 342, 349 (1944).

3

      This ruling does not resolve all claims against all defendants. The claim against defendant Robert Mclean remains. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

      **IT IS SO ORDERED.**

Date: 03/31/2009

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Craig Morris McKee
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
cmmckee@wilkinsonlaw.com

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov